RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1136-MR

CHRISTOPHER C. BABCOCK, DMD,
MD; SAMUEL V. STEELE, JR.; AND
UNNAMED JOHN DOES                                          APPELLANTS


                         APPEAL FROM JEFFERSON CIRCUIT COURT
v.                       HONORABLE MARY M. SHAW, JUDGE
                         ACTION NO. 17-CI-004907


RENEE ESTRIDGE; JAMIE
WARREN, DMD, MD; AND
KENTUCKIANA ORAL &
MAXILLOFACIAL SURGERY
ASSOCIATES, PSC                                             APPELLEES


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

COMBS, JUDGE: Christopher C. Babcock, DMD, MD, and Samuel V. Steele, Jr.,

appeal an order of the Jefferson Circuit Court granting judgment to Jamie Warren,

DMD, MD; Renee Estridge; and Kentuckiana Oral and Maxillofacial Surgery

Associates, PSC (KOMSA). The judgment consisted of attorneys' fees in the amount of $52,527.07; other costs incurred in collection of a debt in the amount of $1,959.41; and $86,553.42 -- the remainder of principal owed. After our review, we affirm.

This is the parties' second appearance before us. Litigation began when Warren, Estridge, and KOMSA filed a civil action against Babcock and Steele in September 2017, alleging defamation, identity theft, and other causes of action. On May 16, 2018, the parties negotiated a settlement whereby Babcock and Steele would (*inter alia*) pay a sum of money to Warren, Estridge, and KOMSA in exchange for dismissal of the claims against them. However, litigation resumed when Babcock and Steele resisted and challenged enforcement of the agreement.

On August 10, 2018, the Jefferson Circuit Court ordered the terms of the negotiated settlement to be enforced. The court incorporated the terms of the settlement agreement into a final judgment entered on December 7, 2018. Babcock and Steele filed a motion to alter, amend, or vacate and a motion requesting the court to set the terms of a supersedeas bond. By order entered on March 15, 2019, the court denied the motion to alter, amend, or vacate. It set the supersedeas bond at $500,000.00, "which includes the Final Judgment amount to be paid [by Babcock and Steele], [fees incurred by Warren, Estridge, and

KOMSA], costs, post-judgment interest of 12% per agreement . . . ."  Babcock and Steele appealed.

In an opinion rendered on September 18, 2020, we affirmed the circuit court's judgment.  *Babcock v. Estridge*, No. 2019-CA-000544-MR, 2020 WL 5587369 (Ky. App. Sep. 18, 2020).  We held that the court was not manifestly unjust to conclude that the parties entered into a binding settlement on May 16, 2018.  We observed that the unqualified acceptance by Babcock and Steele of a counteroffer to resolve the litigation among them (as proposed by Warren, Estridge, and KOMSA) provided a sufficient basis to conclude that the parties had achieved a meeting of the minds; that the unequivocal actions of Babcock and Steele following acceptance of the counteroffer confirmed their agreement; that the detrimental reliance of Warren, Estridge, and KOMSA upon the acceptance of their counteroffer further supported the order of the circuit court; and that enforcement of the agreement was not manifestly unjust.

Finally, we specifically addressed the issue of post-judgment interest. We determined that the trial court was authorized by the provisions of KRS[1] 360.040(3) to impose post-judgment interest and, separately, that the parties "had agreed to such interest in their agreement."  *Babcock*, 2020 WL 5587369.  We denied the petition for rehearing filed by Babcock and Steele, and, by order entered

---

[1] Kentucky Revised Statutes.

-3-

on March 17, 2021, the Supreme Court of Kentucky denied their motion for discretionary review.

Once our opinion was final, the Jefferson Circuit Court granted the motion of Warren, Estridge, and KOMSA to enforce the supersedeas bond in partial satisfaction of the judgment. Subsequently, the Jefferson Circuit Court granted the motion of Warren, Estridge, and KOMSA for attorneys' fees in the amount of $52, 527.07; costs in the amount of $1,959.41; and the remaining outstanding principal balance of $86,553.42 "which continues to accrue interest at the rate of 12% since release of the supersedeas bond on June 17, 2021." This second appeal followed.

On appeal, Babcock and Steele contend that the order of the Jefferson Circuit Court should be reversed because Warren, Estridge, and KOMSA are not entitled to recover attorneys' fees, costs, or interest at the rate of 12%.

The interpretation and construction of a contract is a matter of law for the court to decide. *Cinelli v. Ward*, 997 S.W.2d 474 (Ky. App. 1998). We review questions of law *de novo* without deferring to the conclusions of the circuit court. *Id.*

The terms of the parties' May 16, 2018, settlement agreement provide, in part, that Babcock and Steele will pay to Warren, Estridge, and KOMSA a sum of money -- 55% to be paid immediately; 22% to be paid on or before November

16, 2018; and 22% to be paid on or before May 16, 2019. It provides further that an agreed judgment will be entered "in the event of payment default in the amount of unpaid settlement amount, accelerated and due immediately, with interest from date of settlement agreement until paid in full at the rate of 12% per annum, plus attorneys' fees and costs of collection."

Babcock and Steele immediately refused to honor the terms of the agreement. Warren, Estridge, and KOMSA turned once again to the circuit court. The Jefferson Circuit Court ordered the terms of the negotiated settlement to be enforced, and we affirmed that decision. Nevertheless, Babcock and Steele continue to argue on appeal that there was never a meeting of the minds and that the parties never actually entered into a settlement agreement. They also contend that they were deprived of due process through the first appeal process. Since neither of these issues is subject to our present review, we decline to discuss them further.

Additionally, Babcock and Steele contend that the court's subsequent order awarding attorneys' fees, costs, and interest at 12% is erroneous. They claim that attorneys' fees and costs of collection are payable under the terms of the agreement only upon a default and are limited to those amounts incurred "in the collection of the unpaid portions of the agreed settlement, not the attorneys' fees

and costs." (Internal quotation marks omitted.) Underlying their argument is their assertion that they never defaulted on the terms of the May 16, 2018, agreement.

Babcock and Steele reason that the appellate proceedings "forestall[ed] the alleged 'default.'" We disagree. Under the terms of the May 16, 2018, settlement, Babcock and Steele agreed to pay a stated sum to Warren, Estridge, and KOMSA on a specific installment schedule. They failed to make the initial payment, and under the clear terms of the agreement, payment of the entire debt was accelerated. Taking Warren, Estridge, and KOMSA back to court to enforce the terms of the settlement agreement did not, therefore, "forestall" their default. Recourse to the tribunal was their logical course of action.

Finally, Babcock and Steele argue that the attorneys' fees incurred by Warren, Estridge, and KOMSA

> in their attempt to convince the various Courts that there had been an actual "agreed upon" settlement cannot be considered fees incurred in an effort to collect the agreed sums because the debt did not become "final" until the [Supreme Court of Kentucky denied the motion for discretionary review] thus immediately triggering the payment of the supersedeas bond.

Again, we disagree.

The parties' May 16, 2018, agreement was immediately enforceable. Its provisions did not spring into existence only when our opinion of September 18, 2020, became final. The agreement provides that the entire outstanding

balance will come due immediately upon default. The agreement provides for no grace period; but it unequivocally provides an acceleration clause. Babcock and Steele specifically agreed that interest of 12% per annum would accrue from the date of the settlement agreement until paid in full and that they would pay the attorneys' fees and costs of collection incurred by Warren, Estridge, and KOMSA.

KRS 411.195 provides that:

> Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employee of such creditor, obligor or lienholder.

Babcock and Steele argue that "the time and funds spent by [Warren, Estridge, and KOMSA] in the prosecution of, and subsequently the defense of their alleged Settlement Agreement had actually nothing directly to do with 'collection'" of the debt. We disagree. Every phase of the litigation following the default has been an attempt to collect the funds that Babcock and Steele agreed to pay in settlement of the legal action against them. Consequently, according to the plain language of the parties' agreement and the provisions of KRS 411.195, Warren, Estridge, and KOMSA are entitled to the award of attorneys' fees and costs incurred as the result of the default. This amount includes **all** legal fees

incurred to defend against the claims of Babcock and Steele and to enforce the terms of the parties' settlement agreement.

The remaining contentions are meritless. The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT
CHRISTOPHER C. BABCOCK,
DMD, MD:

J. Fox DeMoisey
Louisville, Kentucky

BRIEF FOR APPELLEES:

Matthew Cory Williams
Jennifer M. Stinnett
Leigh V. Graves
Louisville, Kentucky